CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
April 08, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| Crystal Allman | ) |
| and | ) |
| Gary Allman, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 5:25-cv-00010 |
| Augusta County CPS | ) |
| and | ) |
| Linda Jones, | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

Plaintiffs Crystal and Gary Allman, proceeding *pro se*, filed suit in this court following the removal of their two children by officials in Augusta County, Virginia. Their complaint primarily focuses on challenging the removal proceedings in a Virginia juvenile and domestic relations ("JDR") court. The Allmans have moved for leave to proceed *in forma pauperis* (Dkt. 2) and have filed several additional motions, including a "motion for emergency relief and immediate return of minor children" (Dkt. 3), a "motion for immediate relief and enforcement of writ of mandamus" (Dkt. 4), a motion for a writ of prohibition (Dkt. 5), an "emergency motion to intervene and expedite" (Dkt. 6), and three motions to hold persons in contempt

of a state-court order (Dkts. 7, 7-1).[1]  Most of these motions ask this court to enforce a writ of mandamus a state circuit court allegedly issued to the JDR court regarding the removal proceedings for the Allmans' children.

The Allmans' application for leave to proceed *in forma pauperis* (Dkt. 2) will be granted. The court will deny the six motions that concern the state court's writ of mandamus, (Dkts. 4, 5, 6, 7, and 7-1), as federal courts do not have subject matter jurisdiction to order a state court or state officials to comply with another state court's judgment.  The court also will deny the Allmans' motion for emergency relief and immediate return of their children, (Dkt. 3), as the motion does not comply with the procedural requirements for a motion requesting a temporary restraining order.  Finally, the court will *sua sponte* dismiss the Allmans' complaint under 28 U.S.C. § 1915(e) because it does not state a claim upon which relief may be granted. The court will grant the Allmans leave to file an amended complaint to correct the issues with their initial complaint.

**I.    Background**

The Allmans filed suit in this court on February 21, 2025.  Their complaint appears to name two defendants: Judge Linda Jones of the Augusta County JDR Court and Shenandoah Valley Social Services, which they alternatively refer to as "Augusta County CPS."[2]  (Compl. at 1–2 (Dkt. 1).)

---

[1] Docket entry 7-1 contains two separate contempt motions.

[2] It is unclear exactly whom the Allmans intend to name as defendants in this case. The various motions they have filed attempt to name several additional defendants, including the Augusta County JDR Court, "CPS Attorney James Glick," other CPS and foster-care officials, two guardians at litem appointed by the state court, two attorneys, and the biological fathers of the Allmans' two children. (*See* Dkts. 3, 4, 7-1.)

The Allmans' complaint contains very few factual allegations. It alleges that child protective services ("CPS") took their children "without a warrant or court order" on September 14, 2024. (*Id.* at 3.) It states that the Allmans later received a warrant on September 19 that provided "reasons why the kids were taken." (*Id.*) The complaint further alleges that a clerk told the Allmans that they "did not have court" when they attempted to attend a hearing on September 17, and that the court appointed an attorney for Crystal Allman later the same day. (*Id.*) Finally, it states that a writ of mandamus was granted on February 18, 2025, but "then every judge recused themselves in JDR court," "every motion we put in was denied," and "they never took our evide[nce]." (*Id.*) The complaint alleges violations of due process, the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act of 1973, as well as "fraudulent warrant," "judicial misconduct," and "court bias." (*Id.* at 2.) The Allmans seek injunctive relief ordering the immediate return of their children and preventing "further unlawful interference" with their parental rights, as well as a declaration that Defendants committed the alleged constitutional and statutory violations. (*Id.* at 4.)

Along with their complaint, the Allmans filed a "motion for emergency relief and immediate return of minor children." (Dkt. 3.) This motion, and the exhibits attached to it, provide more details about the underlying child removal proceedings. They allege that Augusta County officials unlawfully relied on evidence from a "reliable source" to seize the Allman children without a warrant or exigent circumstances; that the JDR court held a "72-hour hearing" on September 17, 2024, without the Allmans present; that CPS offered false, invalid, and coercively obtained evidence in the removal proceedings; that officials failed to provide disability accommodations for Crystal Allman during the state-court proceedings; and

that Judge Jones demonstrated bias. (*Id.* at 1–3.) The motion further alleges that foster-care officials unlawfully threatened to withhold the Allmans' visitation rights with their children. (*Id.* at 3.) It alludes to several additional legal claims, including alleged violations of the First and Fourth Amendments and Title IV-E of the Social Security Act. (*See id.* at 1–4.)

On March 5, 2025, the Allmans filed a motion for a writ of prohibition. (Dkt. 5.) This motion alleges that Judge Jones and an attorney for "Augusta CPS" have failed to comply with a writ of mandamus issued by the Augusta County Circuit Court.[3] (*Id.* at 2–3.) The Allmans ask this court to order the state JDR court to cease any further proceedings in the child-removal case, to disqualify Judge Jones and the CPS attorney from that case, and to appoint a new judge and attorney. (*Id.*)

The Allmans filed several additional motions on March 7, 2025. The first, which they titled an "emergency motion to intervene and expedite," again asks this court to intervene in the state child-removal proceedings and order the JDR court to "cease all further proceedings in direct violation of the approved Writ of Mandamus by the Circuit Court." (Dkt. 6 at 1.) The Allmans also filed three motions asking this court to hold Judge Jones, Augusta County CPS, the CPS attorney, foster-care officials, two guardians at litem, two other attorneys, and the biological fathers of the Allmans' two children in contempt of court for failing to comply with the writ of mandamus. (Dkts. 7, 7-1.)

---

[3] The Allmans allege that the Augusta County Circuit Court issued a writ of mandamus on February 18, 2025, that ordered a new trial, judge, and venue for the child-removal proceedings, ordered the return of the Allmans' children pending further proceedings, and prohibited officials from taking "further actions against [their] parental rights." (Dkt. 7 at 1–2.)

- 4 -

## II.    Jurisdiction

As a threshold matter, this court lacks subject matter jurisdiction to provide much of the relief the Allmans seek.  This court has no authority to order the state JDR court to comply with the writ of mandamus allegedly issued by the Augusta County Circuit Court, nor can it sanction or hold state officials or other persons in contempt for violating the writ of mandamus.  "Federal courts have no general power to compel action by state courts." *In re Austin*, 8 F. App'x 253, 254 (4th Cir. 2001) (citing *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969)).  It is well-established that federal courts lack jurisdiction to issue writs of mandamus compelling state courts, judicial officers, or other state officials to take certain action.  *See, e.g.*, *Benthall v. Smith*, No. 1:17cv959, 2017 WL 6403025, at *2 (E.D. Va. Aug. 31, 2017); *Crane v. Harvin*, C/A No. 3:10-2752, 2010 WL 5128356, at *3 (D.S.C. Nov. 17, 2010); *Wood v. Lynchburg Reg'l Jail*, No. 7:09-cv-00072, 2009 WL 837553, at *1 (W.D. Va. Mar. 30, 2009).  Because a "federal district court has no mandamus jurisdiction over states employees," it "cannot compel [a] state court to enforce [a state-court] judgment."  *Davis v. Devore*, No. Civ. A. JFM-04-3566, 2004 WL 3704195, at *1 (D. Md. Nov. 17, 2004).  And while the federal Anti-Injunction Act permits federal courts to enjoin state-court proceedings in specific, limited conditions, *see* 28 U.S.C. § 2283; *Denny's, Inc. v. Cake*, 364 F.3d 521, 528–29 (4th Cir. 2004), none of those conditions applies here.

Because this court does not have the power to intervene in the state child-removal proceedings, the Allmans' motions requesting that relief (Dkts. 4, 5, 6, 7, and 7-1) will be denied.[4]

### III.    Motion for Emergency Relief and Immediate Return of Minor Children

The Allmans also ask for an emergency order immediately returning their children to their custody while their lawsuit in this court is pending. (Dkt. 3.) Aside from their underlying legal claims, they do not cite any legal basis for this emergency relief. (*See id.*) The court will construe the motion as a motion for an *ex parte* temporary restraining order under Federal Rule of Civil Procedure 65(b).

Rule 65(b) authorizes a federal district court, in limited circumstances, to issue a temporary restraining order without notice to adverse parties or their attorneys. Fed. R. Civ. P. 65(b)(1). A party seeking such an order must satisfy two procedural requirements. First, the movant must point to "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." *Id.* Second, the "movant's attorney [must] certif[y] in writing any efforts made to give notice and the reasons why it should not be required." *Id.* These procedural requirements "are not merely technical niceties that a court may easily disregard, but rather crucial safeguards of due process." *McKnight v. Frederick Cnty.*

---

[4] Based on the Allmans' allegations, it appears that the state JDR court has not yet entered a final judgment in the child-removal case. This court advises the Allmans that it would not have the authority to hear claims challenging a final judgment of the JDR court. Under the *Rooker-Feldman* doctrine, a federal district court does not have subject matter jurisdiction to review final state-court judgments. *See Adkins v. Rumsfeld*, 464 F.3d 456, 463–64 (4th Cir. 2006). The doctrine specifically prohibits federal district courts from hearing claims "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

*Dep't of Soc. Servs.*, No. 5:24-cv-00088, 2024 WL 4979276, at *2 (W.D. Va. Dec. 4, 2024) (citation omitted). An *ex parte* temporary restraining order is an extraordinary remedy, and the "stringent restrictions" that Rule 65(b) places on such orders "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 438–39 (1974).

In addition to satisfying Rule 65(b)'s two procedural requirements, the party seeking a temporary restraining order must show that the four preliminary injunction factors favor injunctive relief. The movant must demonstrate (1) by a "clear showing" that they are likely to succeed on the merits; (2) that they are likely to suffer irreparable harm without preliminary relief; (3) that the balance of equities tips in their favor; and (4) that a preliminary injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017).

The Allmans' motion for emergency relief does not mention or address Rule 65(b), and it does not satisfy the requirements for a temporary restraining order, especially without notice to adverse parties. While the Allmans attach a declaration from Crystal Allman stating that the children were removed, (Dkt. 3-1), the motion, declaration, and other exhibits do not address what efforts, if any, the Allmans made to give notice to Defendants or the reasons why such notice should not be required. Fed. R. Civ. P. 65(b)(1)(B). The Allmans' motion must be denied for that reason alone. *See McKnight*, 2024 WL 4979276, at *2 (denying motion for a temporary restraining order because it did not comply with the requirements of Rule

65(b)(1)(B)).  In addition, neither the motion nor the exhibits include any analysis of the four preliminary injunction factors, which independently requires the court to deny the motion.[5]

### IV.    Analysis of the Allmans' Complaint

Finally, the court must determine whether the Allmans' complaint states a claim upon which relief may be granted.  The court must dismiss a complaint filed *in forma pauperis* "at any time if the court determines that [the complaint] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii); *see Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006).

The standards for reviewing a complaint under § 1915(e)(2)(B)(ii) are the same as those that apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6).  *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003).  The court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff.  *Philips v. Pitt Cnty. Mem'l. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).  To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint satisfies the plausibility standard when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The plaintiff must allege more than "labels and conclusions" or "naked assertion[s]" unsupported by "further factual enhancement."  *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

---

[5] If the state JDR court has previously entered a removal order, this court would not have jurisdiction to order an immediate return of the Allmans' children.  Granting that injunctive relief effectively would overturn the state court's removal order, which would run afoul of the *Rooker-Feldman* doctrine.  *See, e.g., McKnight*, 2024 WL 5238266, at *4.  If the Allmans wish to challenge an order entered by the JDR court, they need to appeal the order to the appropriate state court.

The court must liberally construe pleadings filed by a *pro se* party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The liberal construction rule "allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). That said, liberal construction "does not transform the court into an advocate" for *pro se* parties. *Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 391 (4th Cir. 1990). *Pro se* parties, like all litigants, must comply with the pleading requirements in the Federal Rules of Civil Procedure. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

In its current form, the Allmans' complaint does not allege enough facts to state any claim for relief. The complaint alleges violations of the Allmans' due process rights, the ADA, and § 504 of the Rehabilitation Act. (Compl. at 2.) It includes only a few sentences of factual allegations, which assert that CPS took the children without a warrant or court order on September 14, 2024; that a judicial clerk told the Allmans they did not have a hearing when they arrived at court on September 17; that an attorney was appointed for Crystal Allman that same day; that on September 19 the Allmans received a warrant and the "reasons why the kids were taken"; that the state JDR court denied their motions and never accepted their evidence; and that the circuit court issued a writ of mandamus on February 18, 2025, and "then every judge recused themselves." (*Id.* at 3.) These allegations are too threadbare to plausibly establish any of the alleged violations of law. In addition, the court advises the Allmans that "fraudulent warrant," "judicial misconduct," and "court bias" are not valid causes of action the court can resolve. (*Id.* at 2.)

The various motions the Allmans have filed include some more factual detail and appear to raise additional legal claims, including claims for violations of the First and Fourth Amendments and Title IV-E of the Social Security Act. (*See* Dkt. 3 at 1–3.) Those facts and claims, however, do not appear in the Allmans' complaint, and some of the "new" claims lack factual support. It is also unclear how many defendants the Allmans intend to name and which claim(s) they intend to allege against each individual defendant. While their complaint appears to name only two defendants, their motions name several others.

Because the Allmans' complaint does not state any plausible claim for relief and their motions raise questions about the defendants, facts, and legal claims they intend to include, the court will dismiss the complaint without prejudice. The court will grant the Allmans leave to file an amended complaint that corrects the shortcomings of their initial complaint. If the Allmans wish to continue pursuing this case, their amended complaint should (1) identify all legal claims they intend to allege, (2) identify the defendant(s) against whom each legal claim is alleged, and (3) contain factual allegations that plausibly support each claim. The court advises the Allmans that it may dismiss their amended complaint if it fails to state any claim for relief.[6]

---

[6] On April 2, 2025, the Allmans filed a separate action in this court, which alleges very similar claims against Shenandoah Valley Social Services and Judge Linda Jones arising from the same series of events. *See Allman et al. v. Shenandoah Valley Soc. Servs. et al.*, No. 5:25-cv-00030 (W.D. Va. filed Apr. 2, 2025). While the Allmans also filed a civil cover sheet and motion for leave to proceed *in forma pauperis* in that action, it is unclear whether they intended to bring a second lawsuit against these Defendants or whether they instead were attempting to amend their complaint in this case. If the Allmans meant for their April 2, 2025 filings to relate to this case, they do not need to continue pursuing their second lawsuit. In that event, the Allmans should file a single amended complaint and any future filings under the case number for this case (5:25-cv-00010).

## V. Conclusion

The Allmans' application for leave to proceed *in forma pauperis* (Dkt 2) will be **GRANTED**. For the reasons outlined above, their motion for emergency relief and immediate return of minor children (Dkt. 3), motion for immediate relief and enforcement of writ of mandamus (Dkt. 4), motion for a writ of prohibition (Dkt. 5), emergency motion to intervene and expedite (Dkt. 6), and motions to hold certain individuals in contempt of court (Dkts. 7, 7-1) will be **DENIED**.

The Allmans' complaint will be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Allmans will be granted leave to file an amended complaint no later than 21 days after the date of the court's accompanying Order.

An appropriate Order will issue.

ENTERED this __8th__ day of April, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE